Thank you. Christopher Stender, representing the petitioner Margarita Trejo. Good morning. May it please the Court. This is an immigration case where the petitioner timely filed her motion to reopen her in absentia deportation from August 29, 1988, in Harlingen, Texas, under the Nicara Act. But for the immigration court's delay in adjudicating that motion, some two years and nine months, and then further compounding that delay by failing to notify counsel of the status of that motion, the fact that it was denied, sending the court's decision to an old address, the petitioner has been deprived of the ability to show that she, in fact, did perfect her Nicara motion to reopen by filing a properly feed suspension of deportation application. Why does this case belong here instead of in the Fifth Circuit? Simply put, because – and I disagree with the brief from the oil attorney. What is under review is a motion to reopen. The underlying order is the in absentia order from August 29, 1988. We are under pre-IRA law. We are under Section 106. In the Ninth Circuit, in the cases that we have cited in our brief, Velarde, Cayla, and Noir-Ocolo, which is a Seventh Circuit case, all have found that if the order under review is pre-October 30, 1996, then the Section 106 applies to the case. When did you file the petition for review in this case? I mean, it's after – I'm sorry? Yes. It was filed in 2005, within 30 days of the denial by the BIA. But after May 11, 2005.  You're referring to the Real ID Act. Well, the Real ID Act applies even to orders before May 11th by its terms, even orders before May 11th, 2005. If you – well, looking at what is under review, again, since it is the August 29, 1988 order, and I believe IRA is quite clear that it says if what is under review is a pre-October 30, 1996 decision, then the jurisdiction is still under Section 106. Yeah, but didn't the Real ID Act, didn't it supersede or anything? Was it contrary to it? I'm not aware of any decision that has actually held that. The decisions that I've cited in my brief seem to suggest, and the Ninth Circuit has said, and the Seventh Circuit has said, that it appears that jurisdiction would still have applied. I don't know if there's any decision that states under the Real ID Act that 106 does not apply to pre-October 30, 1996 decisions. It says expressly applies to final orders was issued before May 11th, 2005. Expressly, the Act reads expressly applies. How do you get around that? I understand that. Again, the cases that I've cited in the brief do suggest, and they are not – they are pre-Real ID Act cases. Yeah, but you have no case where – where they didn't apply the Real ID Act regardless of when it was issued. That's true. And neither – the government doesn't cite any case either. I think this is an unusual circumstance. It probably hasn't arisen. What we do cite, there's a Seventh Circuit case, and I believe this is pre-Real ID Act, but it is also in a motion to reopen that is brought after IHRA, after ADEPA. Pre-ID. Pre-ID is we're not talking about. I mean, why would you have any case when the statute is so complete – so clear – expressly applies to any order, including those issued prior to May 11th, it says expressly. So why do you need a case? I mean, no case is going to adjudicate something which is crystal clear. Well, in the alternative – and we've said in our brief also that this does meet all the prerequisites for transfer to the Fifth Circuit. There's really no reason why review, if it doesn't take place here in the Ninth Circuit, it could take place in the Fifth Circuit. It did a little bit of forum shopping to come here to the Ninth Circuit. I'm coming here myself on forum shopping as a visiting judge. Maybe I don't have a standing to argue, but I like it here, and I think Petitioners in immigration cases, I sense, maybe I'm wrong, sort of enjoy it here. Well, Your Honor, I have to agree the Ninth Circuit is the best. There's no doubt about that. Well, Ms. Trejo, when she bought in – Well, the Third is pretty terrific, you know. I've not been there myself, and I'm sure it's quite nice. When Ms. Trejo bonded out in 1988 out of Harlingen, Texas, she immediately moved to Phoenix, Arizona, and has resided there ever since. So regarding the forum shopping, and, of course, Arizona is within the Ninth Circuit, I don't really think that's plausible here. She hasn't, you know, not only physically moved around, but all the litigation after the in absentia deportation order in Harlingen, Texas, took place in Arizona through motions. Of course, she was always domiciled in Arizona. The motion reopened, went to Texas. But assuming that venue is correct here, I think the merits of this case are really quite strong because of the unreasonable delay that the immigration court engaged in, in failing to adjudicate the motion in a timely manner, waiting those two years and nine months, issuing its decision after the deadline to perfect the motion of November 19th, 1999. Well, counsel, this is not a case like the previous one, where if we don't hear it, it's gone forever. The Fifth Circuit can hear, if we were to transfer it, all of the arguments on the merits, which appear to be, you know, very good arguments. But we have statutory limitations on what we're allowed to adjudicate. And I just don't understand how to get around them, I guess. I would just speak for myself and say that. And I would love to have an excellent case or an argument. I do. I see what the Court is looking, has stated with the Pre-Real ID Act, and it's in the oil brief. But our point would be, as I understood the brief from oil, they were saying what's really under review is the BIA's decision from 2005. That, in fact, is not true. Ultimately, what is under review is the in absentia order from 1988, and that predates all changes in the Act. And since the right to seek reopening of that case came under the Nicara statute and was filed in such a way that what is under consideration is the 1988 decision, and that predates the changes in the venue and the restrictions that you could not seek appellate review. You had to seek appellate review in the jurisdiction in which the administrative proceedings took place, rather than she could have sought review based on where she was domiciled. Certainly, I think the Court could find that it has jurisdiction and that venue is proper here in the Ninth Circuit. Could you please explain the relevance of the IJ mailing the 2001 order to an incorrect address? The relevance had on whether or not your client had properly filed and served the application for suspension of deportation in 1999. To me, it has nothing to do with it. It's irrelevant what they did in 01. Well, looking at the evidence, and I think, you know, again, the government's brief is misplaced. What is in the record is a February 1, 1999 cover letter, and that, again, is eight paying a fee for the application. You had to pay the fee in order to file the application and perfect it. So what you have there is evidence, along with an affidavit of counsel, because there was a — there were, you know, within my office dozens of people who were eligible for this, and everybody was processed this way. But because of the kind of parochial way that immigration would approach things, you had to pay your fees locally, and there was an inability for attorneys to pay the fees. The individuals themselves had to pay the fees. So there's evidence that eight months before the deadline, the fee is paid, the application is submitted to the local office. To address your question is, what's unreasonable is, given the two-year and nine-month delay and then the mailing to the wrong address, now they're saying, well, you've missed a deadline, and because of that four, five, six years that have passed, now the Petitioner can't provide the evidence because it's not available any longer. In the interim, she went to another attorney and then returned back to present counsel once again. And that's where the 2005 motion to reopen was filed, and the immigration judge did find that notice was not provided to counsel. Now, I think Estoppa would be a strong argument, is because given that seven-year passage of time, the Petitioner cannot provide the evidence to show that she did, in fact, perfect her application for NACARA in the motion to reopen. There is evidence. There's the affidavit of counsel, and there's also the cover letter showing eight months before that the fee was being paid in preparation for submission to the government. So for those reasons, I think the Petitioner has a very, very strong argument for equitable estoppel, that it's not reasonable for the immigration judge to take the position that now that they took so long to adjudicate it and then send notice to an incorrect address, that now that has deprived the Petitioner of the ability to provide the evidence that they're demanding. What I think is also very important here is looking at the BIA's decision, they never seem to address the motion to reopen that was really on appeal. They addressed the motion to remand in the stay. They never make a decision on the motion to remand. The BIA's decision is, I think, somewhat skewed, and it's really questionable what is on review before the Court today. Is it the motion to reopen or just the motion to remand, which is all the Board really addresses in its decision? Technically, the motion to reopen has never really been ruled on by the Board of Immigration Appeals. And I see I'm over time. Thank you. Thank you, counsel. We'll hear from the government. Good morning. Nancy Friedman for the Attorney General. As the Court indicated by its questions to Petitioner's counsel, I don't believe there's any way around the venue provision in this case, which states that the petition for review should be filed in the Fifth Circuit, as it was a Harlingen, Texas, proceeding. Is the transfer mandatory or discretionary in your view? The transfer under the circumstances of this case would be mandatory. What does that mean? Is it always mandatory or it's not mandatory, but you think we ought to in this case? Well, I think that the word, the words of the transfer statute, you're referring, Your Honor, to 28 U.S.C. 1631, which talks about transfer, says that it shall be transferred if certain things apply, which do in this situation. And then ---- Well, it also says if it is in the interest of justice. Doesn't that require us to make a determination in every case whether transfer is in the interest of justice? Yes, Your Honor. Yes, Your Honor. And as we stated in our brief, that is the case in this situation. There's certainly no harm or ---- Well, what's the harm to deciding it here? Well, the harm would be that it would completely ignore the venue statute. No, it wouldn't. It says if it's in the interest of justice, we're supposed to send it, we're supposed to transfer it. You're saying that we don't have that option because of the other statutory provisions, not because of the transfer statute. Yes, Your Honor, because to do otherwise would only, you know, really open the door for exactly what the court had referred to previously with the petitioner, and that would be shopping for the most favorable forum for your particular case, and that's certainly not the case. Well, this is a petitioner who has a relationship with both of the circuits. It's not just plucked out of the air. I disagree, Your Honor. She does not have a relationship with the Ninth Circuit. These immigration proceedings started and were completed in the Fifth Circuit in Harlingen, Texas. But now she has a legitimate residence in the Ninth. Her residence doesn't provide a basis for venue in this case, and that's what we're looking at here. As the Court mentioned a few minutes ago, the statutes are, as I believe you said, Judge Cowan, crystal clear. The REAL ID Act absolutely, clearly, from the date it was enacted, May 11, 05, superseded IRERA and, of course, pre-IRERA law. This Court is not reviewing a 1988 immigration judge's order. It's reviewing a 2005 board decision. The board decision itself was after the pre-REAL ID Act passed. Counsel, venue in civil cases can be waived. Could the government have waived its objections to venue in this case? Did you ask could it have, Your Honor? Yes. I suppose it could have. In which case we could have decided the case on the merits? I suppose if the government had waived it, yes, it could have. It certainly didn't in this case. You know, as you're aware, the government had filed a motion to dismiss or transfer right after the petition for review was filed. I believe there are cases in this Court where it has found that the government did waive the possibility of a transfer, but certainly not in this case. You know, I personally have filed many motions to dismiss or transfer, and I think this is the first one in my experience that hasn't been granted, so I was a little unclear as to, you know, looking for case law. You know, most of these are just transferred in unpublished orders, in my experience. Is this a situation in which you may not be able to answer this because it sort of comes out of left field, but is this a case in which the government would be amenable to the services of our mediation unit? It strikes me that there's potentially a great expenditure of judicial resources in two circuits, and there's some evidence on the petitioner's side in this case. Is that something that you're authorized to comment on one way or the other? Well, I wouldn't want to give you a firm yes or no, because I would need to consult with our client about that. But it seems to me that the government probably would not, or I would say both parties probably would not reach a favorable resolution through mediation because it's so clear in the government's position in this case. What's clear? That there's not venue here? Yes. Oh, we're talking about the merits. I'm talking about the merits here. Oh, I'm sorry. Because if there were an agreed upon resolution, then it wouldn't have to go any further to any circuit. Right. That's true, Your Honor. But the real concern of the government here, more so than where the merits of this particular case is heard, is the fact that it would allow for forum shopping. Let's take the venue question out. Would the government be amenable to trying to mediate the merits of this case? Now, the mediation can be conducted in Texas. It can be conducted in Washington, D.C. You can do it in Arizona or San Diego, or you can do it here. Would the government be amenable to trying to mediate the merits of the case? I guess my answer to the question would hinge on where that took place. Well, let's suppose it took place in your office. Would the government be amenable to trying to mediate the merits of the case? But wouldn't that assume a petition for review is still pending in the Court of Appeals? It could be. But mediation is a form of settling a case so that it moots the need for transfer or a decision by this Court or whatever. Well, as I say, Your Honor, I'm not sure I can give you a yes or no because, like I have tried to stress, our concern here is the venue statute more so than, you know, where the merits of the case may be adjudicated. And so I'll just sum up. I see my time is up. I would suspect that the Petitioner's interest is in the merits and not so much where it happens. Of course. Well, I think it's both, Your Honor, for Petitioner. I think it's both, and I think that's why it's pending in this Court. And so I think the government's interest and the Petitioner's interest are quite different in that regard as to where. So unless the Court has further questions, I'll sum up by asking the Court to transfer this to the Fifth Circuit for venue reasons. Thank you. Thank you. You have exceeded your time, but you may have a minute for rebuttal if you want it. Well, I would just briefly, briefly state that the venue is not the major point. It is, as the Court has stated, is the merits, and it's providing relief for the Petitioner. She's otherwise eligible for NACARA. Nobody has ever stated that she's not. But for the timely filing and the perfection of the motion, it would have been granted, and she would be a lawful permanent resident. So really that's what is in the Petitioner's best interest, and certainly the Petitioner's willing to engage in mediation here, the Fifth Circuit, Washington, or anywhere that the government would be willing to engage in that mediation. Thank you. Thank you, counsel. We appreciate the arguments. The case is submitted.
judges: Cowen, Graber, Bybee